McCauley, J.
The rule is well settled “ that a vendor whose estate is less than or different from that which he agreed to sell, or who cannot give the exact subject matter embraced in his contract, will not be allowed to set up his *641 inability as a defense against the demand of a purchaser who is willing to take what he can get with compensation for that which the vendor cannot convey.” Pomeroy’s Sp. Per., § 438, and authorities there referred to. This rule, however, is limited to those eases in which the purchaser had no knowledge at the time the contract was made, that the interest of the vendor was partial; that his title was defective, or that the subject matter was deficient. Pomeroy Spec. Per., Sec. 442. The purchaser here knew that the vendor had a wife. He did not contract with Lucas that he should convey the land with release of dower by his wife. The testimony of both parties on the trial tends to show that Lucas would not have made such a contract. He had doubts whether his wife would agree to the sale of the land. He sent the purchaser to, his wife to get her to agree to a sale. The purchaser persuaded her to sign the contract, when it was probable she would have refused to sign at the request of her husband. The purchaser knew that Lucas could not control his wife in the matter, either of making the contract to sell the land or in making him a deed for it, and that he would not be responsible for the refusal of his wife .to join him in the execution of a deed. Passing by the question whether or not a contract to convey by warranty deed is equivalent to a contract to convey by such deed with release of dower, the purchaser asking for a conveyance by the husband with an abatement for the prospective dower of the wife, asks the court to do for him what he knew at the time the contract was made, the purchaser would not have undertaken to do. . If a contract to convey by warranty deed is equivalent to a contract to convey by, such deed with release of dower by the wife, still a remedy which is not a matter of absolute right, but which is given only on equitable principles should be denied to a party who asks for that for which his contract does not expressly provide, and which, if insisted on at the making of the contract he then knew would not have been assented to by the other party. , ■

Judgment reversed.